Bigger, J.
Motion to dissolve attachment on appeal from the decision of a justice of the peace, refusing to sustain such motion.
It is claimed that the affidavit for attachment is insufficient and 'that the facts stated therein are untrue. In my opinion this affidavit is insufficient under the statute. The affidavit reads as follows, omitting the caption:
*519 “The said plaintiff, Lillian Barrow, being duly sworn, says that she is the said plaintiff, and that said defendant is justly indebted to said plaintiff for necessaries, to-wit: board and lodging and provisions; that the said claim is just; that she believes that plaintiff ought to recover thereon the amount of $50; that the property sought to be attached is not exempt from execution, and it is the personal earnings of said defendant for services rendered within three months prior to the commencement of this action, and is sought to be attached.”
This is followed by averments concerning the indebtedness of the garnishee to the defendant which are not material to the question here involved.
The affidavit discloses that the money sought to be attached is the personal earnings of the defendant for services rendered within three months prior to the commencement of the action before the justice of the peace. It is not stated that the defendant is not the head or support of a family, nor in good faith the support of a widowed mother, but it is stated that the claim is for necessaries, and it is the contention of plaintiff’s counsel that this is the only averment necessary. In this view I can not concur. The statute, Section 10253, P. & A. Anno. General Code, provides that:
“Except as hereinafter provided, the plaintiff shall have an order of attachment against property of the defendant in a civil action before a justice of the peace for the recovery of money before or after its commencement, when there is fled in his office an affidavit of the plaintiff, his agent or attorney,.showing the nature of the claim, that it is just, the amount the affiant believes the plaintiff ought to recover, and that the property sought to be attached is not exempt from execution. If attachment of the personal earnings of the defendant be sought, the affidavit must also state that he is not the head or support of a family, nor in good faith the support of a widowed mother wholly dependent upon him for support, or that such earnings are not for services rendered within three months before the action was begun, or that, if earned -within that time, they amount to more than $150, and only the excess over that amount is sought to be attached, or that the claim sued on is for work, labor or necessaries, and except in eases for such claims, the existence of one or more of the following particulars:”
*520 These particulars are nine in number. Following the enumeration of these particulars the statute further provides:
“No attachment shall issue by virtue of this chapter against the personal earnings of any defendant for services rendered by such defendant within three months before the commencement of the action, or the issuing of the attachment, unless the defendant is not the head or support of a family, or unless the amount of such earnings exceeds $150, and then only as to the excess over that amount, or unless the claim is one for necessaries, and then for only ten per cent, of such personal earnings."
Considering these provisions together, it is plain that in ease the defendant is the head or support of a family, or in good faith the support of a widowed mother wholly dependent upon him for support, no attachment can lawfully be issued against his earnings for the period of three months prior to the commencement of the action, except to the extent of ten per cent, thereof. It is not stated in the affidavit that it is sought to attach only ten per cent, of his earnings, aud it must, therefore, be presumed, and it is admitted in argument, that they are seeking to attach more than ten per cent, of his wages. There being no statement to the contrary, it must be assumed that he is or may be the head or support of a family or in good faith the support of a widowed mother wholly dependent upon him for support. When the affidavit states that the defendant is not the head or support of a family, etc., then all of his wages may be attached, but if that statement be not contained in the affidavit, then it will be presumed that he is the head and support of a family, and in such case it must* be stated that only the excess over $150, earned within the three months prior to the commencement of the suit, is sought to be attached, or that the claim is one for work, labor or necessaries, and that only ten per cent, of his wages is sought to be attached.
The statute provides that when it is sought to attach the personal earnings of the defendant, that in addition to the statements necessary in the case of attachment of other property, either one of three additional statements is necessary, and the last is that the claim is for work, labor or necessaries. But this *521 provision of the statute must be read in connection with the further provision at ‘the end of the section that no attachment shall be issued upon this ground against the personal earnings of any defendant for services rendered within three months before the ' commencement of the action or the issuing of an attachment except to the extent of ten per cent, of his earnings.
’ It is to be observed that the statute does not provide that it shall be sufficient, in case personal earnings are sought to be attached, to state that the claim is for work, labor or necessaries. It simply provides' that in addition to the statements therein made necessary, it shall also be stated as follows, and the mere statement that the claim is for necessaries is not sufficient when taken.in connection with the further statement that no attachment shall issue upon such ground except for ten per cent, of his earnings. The affidavit must show the right to an attachment, and if this affidavit is to be considered sufficient, then the entire earnings of a defendant who is the head and support of a family down to the commencement of the action may be attached.
Nor is the statement that the earnings are not exempt from execution sufficient to cure the defect. The personal earnings of a defendant who is the head and support of a family for the three months prior to the commencement of the.action are only exempt from execution conditionally by Section 11725. They are only exempt from execution when it is made to appear by affidavit of the debtor or otherwise that they are necessary for the support of his family. If the claim is for necessaries, then ninety per cent, of his earnings only shall be exempt upon his making such a showing; if he can not'make such a showing, then ■it would appear from the provisions of that section that they are not exempt from execution. By the provisions of Section 10253, however, no attachment can issue against the personal earnings, for'three months prior to the commencement of the suit, of one who is the head and support of a family on a claim for necessaries except to. the extent of ten per cent, thereof, whether they are or they are not necessary to the support of the debtor and his family. • For the reasons stated, I conclude that *522 the affidavit is insufficient, and for that reason the attachment must be discharged.
As to the question whether a married man who is living apart from his family and not supporting them is entitled to the benefit of the statute, I am of opinion the decision of the justice of the peace that he was not entitled to the benefit of the statute is correct. This exemption from attachment of the wages of one who is the head and support of a family is only intended for the benefit of his family, and if he is not supporting his family I see no reason for extending to him the protection of the statute. This section of the statute is found Avithin Part 3 of the General Code, and the provisions of all sections contained therein are, by Adrtue of Section 10214, General Code, “To be liberally construed in order tó promote its object and assist the parties in obtaining justice.”
It can hardly be said that it would be promotive of the object of this provision of the statute, which, as I have said, is intended to protect the members of the family of one who is supporting his family to extend its provisions to one who is not supporting his family. It is true the statute reads, ‘ ‘ one who is the head or support of a family,” but in this part of the General Code “or” may be read “and” by virtue of the provisions of Section 10213 when the sense requires it, and I am satisfied that “or” should here be read “and,” for its object and purpose is to exempt from attachment the earnings for the benefit of the family, and as I have said, I can see no reason for extending its provisions to one who is only nominally, but not really, the head of a family. Of course I have no doubt that if a man is supporting his family, that the fact that he may be living apart from them would not deprive them of the right to the exemption. But if he is living apart from his family and furnishing no support to the family, then, in my opinion, he is not within the meaning of the statute the head and support of the family, and should Be treated as a single man in so far as his right to exemption of his wages from attachment is concerned.